

**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

---

*Joseph F. Weis, Jr. U.S. Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania 15219*                    *412/644-3500*

June 3, 2025

Jonathan A. Orie, Esquire
Orie & Zivic
1901 Law & Finance Building
429 Fourth Avenue
Pittsburgh, PA 15219

Re:   United States of America v.
      Terron Slatton
      Criminal No. 24-80

Dear Mr. Orie:

This letter sets forth the agreement by which your client, Terron Slatton, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between Terron Slatton and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Terron Slatton will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq. and 28 U.S.C. § 991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

    A.    The defendant, Terron Slatton, agrees to the following:

        1.    The defendant will enter a plea of guilty to Count One of the Indictment at Criminal No. 24-80, charging the defendant with violating 18 U.S.C. § 2422(b), pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

**LIMITED OFFICIAL USE**



2. The defendant acknowledges the defendant's responsibility for the conduct charged in Count Two of the Indictment at Criminal No. 24-80 and stipulates that the conduct charged in that count may be considered by the Probation Office or by the Court in calculating the guideline range and in imposing sentence.

3. The defendant will pay restitution under 18 U.S.C. §§ 3663A and 3664, to the victims and/or other persons or parties authorized by law in such amounts as the Court shall direct.

   The defendant agrees that restitution and any other financial obligations imposed by the Court are due and payable immediately after the judgment is entered, and subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payments due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

   Upon request of the United States, the defendant agrees to provide all information regarding the defendant's income, assets and financial status, and that of the defendant's household. If requested, the defendant agrees to submit to an interview and/or deposition as to these matters and to undergo a polygraph examination. Upon request, the defendant agrees to complete a sworn financial statement and to provide all documents under the defendant's possession or control regarding the defendant's financial resources. The defendant authorizes the United States to obtain a credit report pertaining to the defendant.

4. Pursuant to 18 U.S.C. § 3663(a)(3), 18 U.S.C. § 3663A(a) & (b), 18 U.S.C. § 3664 the defendant agrees to make full restitution to all minor victims of the defendant's offenses as to all counts charged, whether or not the defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement, so long as the victim makes a claim for restitution prior to sentencing in this case. Further, the defendant agrees to pay restitution to any of the defendant's minor victims, for the entire scope of the defendant's criminal conduct, including but not limited to all matters included as relevant conduct. The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing for restitution purposes, if necessary.

5. The defendant will immediately notify the Court and the United States Attorney of any improvement in the defendant's economic circumstances that might increase the defendant's ability to pay restitution and that occurs from the date of this agreement until the completion of the defendant's sentence, including any term of supervised release.

6. The defendant will voluntarily forfeit to the United States all property subject to forfeiture under 18 U.S.C. §§ 2253 and 2428(b)(1)(A) including but not limited to the following: modem, router, tablet with a blue and red case, black Cricket cellular phone, black Android Galaxy cellular phone with a brown and gold case, black tablet in a black case, and a silver HP Chromebook laptop computer, all of which were seized from 125 Hughes Road, South Pittsburg, Tennessee 37380.

7. The defendant acknowledges that the above-described property is property used or intended to be used, in any manner or part, to commit, and/or facilitate the commission of, the violation of the offenses charged at Counts One and Two of the Indictment. The defendant acknowledges that the above-described property is presently the subject of a criminal forfeiture action at the above-captioned criminal case number and the defendant herewith voluntarily consents to the Court entering an order of forfeiture of said property to the United States.

8. The defendant hereby agrees that all the computers, computer media, computer peripherals, tablets and cellular phones seized from the defendant, and currently in the custody and/or control of the government, were properly seized by law enforcement. The defendant agrees that such items were subject to lawful seizure, and that no defense exists to the seizure of that property. As such, the defendant hereby relinquishes all claim, title, and interest the defendant has in the above-stated property to the United States of America and agrees not to seek return of property pursuant to Rule 41 of the Federal Rules of Criminal Procedure or any other legal authority.

9. If the Court imposes a fine or restitution as part of a sentence of incarceration, Terron Slatton agrees to participate in the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which 50% of the defendant's prison salary will be applied to pay the fine or restitution.

10. At the time Terron Slatton enters the defendant's plea of guilty, the defendant will deposit a special assessment of $100.00 in the form of cash, check, or money order payable to "Clerk, U.S. District Court." In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

11. Defendant further agrees to pay an assessment per relevant count of conviction pursuant to 18 U.S.C. § 2259A and pursuant to 18 U.S.C. § 3014 as determined by the Court at the time of sentencing. Any assessments imposed shall be paid through the Office of the Clerk of District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

12. As required by 18 U.S.C. §§ 3563(a)(8) and 3583(d), and the Sex Offender Registration and Notification Act (SORNA, 34 U.S.C. § 20901 et seq.), Terron Slatton agrees to report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for the defendant's supervision, and further agrees to register as a convicted sex offender under the law of any state in which the defendant resides, is employed, carries on a vocation, or is a student.

13. Terron Slatton waives any former jeopardy or double jeopardy claims the defendant may have in or as a result of any related civil or administrative actions.

14. Terron Slatton waives the right to take a direct appeal from the defendant's conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

    (a) If the United States appeals from the sentence, Terron Slatton may take a direct appeal from the sentence.

    (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Terron Slatton may take a direct appeal from the sentence.

    Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking the defendant's conviction or sentence and the right to file any other collateral proceeding attacking the defendant's conviction or sentence.

    Nothing in the foregoing waivers of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

15. In the event the judgment of conviction and sentence entered as a result of this plea agreement does not remain in full force and effect for any reason, the government may reinstate any charge dismissed or reduced pursuant to

this plea agreement. In the event of reinstatement, the defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1. After the imposition of sentence and pursuant to Rule 11(c)(1)(A), the United States Attorney will move to dismiss the remaining count of the Indictment at Criminal No. 24-80, without prejudice to its reinstatement if, at any time, Terron Slatton is permitted to withdraw the defendant's plea of guilty. In that event, Terron Slatton waives any double jeopardy, statute of limitations, speedy trial, or similar objections to the reinstatement of any count dismissed pursuant to this agreement.

2. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Terron Slatton in the offenses charged in the Indictment and of any other matters relevant to the imposition of a fair and just sentence, including victim impact.

3. The United States agrees to recommend a two-level downward adjustment for acceptance of responsibility and, pursuant to U.S.S.G. § 3E1.1(b), to move for an additional one-level adjustment. However, if at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set forth in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and/or motion.

4. The United States Attorney will take any position he deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C. Terron Slatton and the United States Attorney further understand and agree to the following:

1. The penalty that may be imposed upon Terron Slatton at Count One is:

    (a) A term of imprisonment of not less than ten (10) years and a maximum of life;

    (b) A fine of not more than $250,000;

    (c) A term of supervised release of not less than five years and up to life;

        (d)    A special assessment under 18 U.S.C. § 3013 of $100.00;

        (e)    An additional special assessment of $5,000.00 under the Justice for Victims of Trafficking Act, 18 U.S.C. § 3014(a);

        (f)    Restitution under 18 U.S.C. §§ 3663A and 3664.

Since the maximum penalty for an offense to which the defendant is pleading guilty is punishable by 25 years or more, pursuant to 18 U.S.C. §§ 3559 and 3561, the defendant is not eligible for a sentence of probation.

2. The Court shall determine the victims and/or other persons or parties who will receive restitution as authorized by law.

3. Pursuant to Rule 11(c)(1)(C), the parties stipulate and agree that the appropriate sentence in this case is a term of imprisonment of 12 years, no fine, a term of supervised release of ten (10) years, and a special assessment of $100.00.

Consistent with Rule 11(c)(1)(C), the Court may accept the plea agreement, reject the plea agreement, or defer a decision until it reviews the presentence report. If the Court rejects the plea agreement, consistent with Rule 11(c)(5), the defendant will have the opportunity to withdraw the defendant's guilty plea.

Defendant agrees that the defendant will not file a motion seeking relief under 18 U.S.C. § 3582(c)(2) if the Sentencing Guidelines are subsequently lowered by the Sentencing Commission.

4. This agreement does not preclude the government from pursuing any civil or administrative remedies against Terron Slatton or the defendant's property.

5. If, at any time after this plea agreement is signed and prior to sentencing, the defendant (i) commits any additional federal, state, or local offense; or (ii) breaches any term of this plea agreement, the United States may at its discretion be released from its obligations under this agreement and the defendant's guilty plea, if already entertened, will stand. In that event, the United States will be entitled to seek a sentence other than agreed-upon, reinstate previously dismissed or reduced charges and/or pursue additional charges against the defendant. The defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

    Any alleged breach of this plea agreement shall be determined by agreement of the parties or by the Court. A breach of this plea agreement shall be established by a preponderance of the evidence.

6.  The parties agree that, although a charge is to be dismissed pursuant to this agreement, Terron Slatton is not a prevailing party for the purpose of seeking attorney fees or other litigation expenses under Pub. L. No. 105-119, § 617 (Nov. 26, 1997) (known as the Hyde Amendment). Terron Slatton waives any right to recover attorney fees or other litigation expenses under the Hyde Amendment.

7.  Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea letters shall include a sealed Supplement. The sealed Supplement to this plea letter is part of the agreement between the parties hereto.

This letter sets forth the full and complete terms and conditions of the agreement between Terron Slatton and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

*Troy Rivetti* (signature)

TROY RIVETTI
Acting United States Attorney

*V. Joseph Sonson* (signature)

V. JØSEPH SONSON
Assistant United States Attorney

Page 8

I have received this letter from my attorney, Jonathan A. Orie, Esquire, have read it and discussed it with him, and I understand the terms of the Agreement. I hereby voluntarily accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

_____
TERRON SLATTON

_____
Date

Witnessed by:

_____
JONATHAN A. ORIE, ESQUIRE
Counsel for Terron Slatton