IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 2:24-cr-80 |
| vs. | ) |
| | ) Honorable Arthur J. Schwab |
| TERRON SLATTON, | ) |
| | ) |
| Defendant. | ) |

**SENTENCING MEMORANDUM**

AND NOW, comes the Defendant, Terron Slatton, by and through his undersigned counsel, Jonathan A. Orie, Esquire of the law firm ORIE & ZIVIC, and files the following Sentencing Memorandum, stating as follows:

### 1. Background

On April 2, 2024, a grand jury returned an Indictment [ECF NO. 3] charging the Defendant, Terron Slatton (hereinafter "Mr. Slatton"), with one count of unlawful coercion of a minor under 18 U.S.C. § 2422(b) and one count of coercing a minor for the purposes of creating a visual depiction under 18 U.S.C. § 2251(a). On June 25, 2025, Mr. Slatton entered a guilty plea [ECF NO. 57] to Count 1 pursuant to a Rule 11(c)(1)(C) plea agreement [ECF NO. 55]. This agreement recommends a sentence of 12 years' imprisonment and a 10-year term of supervised release.

### 2. Sentencing Considerations

The United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005) rendered the sentencing guidelines advisory, requiring sentencing courts to fashion a sentence individualized for a defendant that is "sufficient, but not greater than necessary, to comply with the purpose of 18 U.S.C. § 3553(a)." *Booker*, 543 U.S. at 264. Sentencing courts cannot presume that a sentence within the guidelines complies with the statutory purposes of sentencing. *Nelson v.*

1

*United States*, 555 U.S. 350, 352 (2009). The guideline range is now merely "one factor among several that courts must consider in determining an appropriate sentence." *Kimbrough v. United States*, 552 U.S. 85, 90 (2007). The guidelines are the starting point in evaluating a proper sentence, and a court must "make an individualized assessment based on the facts presented," which includes "a broad command to consider 'the nature and circumstances of the offense and the history and characteristics of the defendant.'" *Gall v. United States*, 552 U.S. 38, 50, fn. 6 (2007).

### 2.1  The advisory sentencing guidelines.

Mr. Slatton accepts the calculation of his advisory sentencing guidelines having a total offense level of 35 and a criminal history category of I. This produces an advisory guideline sentence range of 168 to 210 months in Zone D of the sentencing table and a supervised release term of five years to life.

### 2.2  The nature and circumstances of the offense.

Mr. Slatton used the internet to persuade a minor to create a video and photographs of herself engaging in sexually explicit conduct, which she then shared with him.

### 2.3  Mr. Slatton's personal history and characteristics.

Mr. Slatton's personal background is well documented in the Presentence Investigation Report. After repeat terms of incarceration, his mother predeceased him because of a drug overdose. His maternal grandmother essentially raised him until her untimely death in 2024. Mr. Slatton has struggled with learning disabilities and mental health disorders.

### 2.4 A sentence of 144 months is appropriate considering the sentencing factors.

The advisory sentencing guidelines recommend a range of 168 to 210 months. The plea agreement between the parties recommends a 144-month sentence, representing a two-level downward variance. A 144-month (12-year) sentence is substantial. Such a sentence reflects the seriousness of the crime to which Mr. Slatton pleaded guilty and provides just punishment. It will adequately deter criminal conduct and protect the public from further crime by Mr. Slatton.

From the start of law enforcement's first interaction with him, Mr. Slatton willingly acknowledged his wrongdoing and freely accepted responsibility. He has no criminal history. Twelve years in prison followed by ten years of federal supervision is sufficient, but not greater than necessary, to accomplish the goals of sentencing.

### 3. Conclusion

For the foregoing reasons, Mr. Slatton requests the Court accept the plea agreement between the parties and impose the agreed upon sentence.

Respectfully submitted,

ORIE & ZIVIC

By: /s/ Jonathan G. Orie
Jonathan A. Orie, Esquire
PA ID No. 207078
1901 Law & Finance Building
429 Fourth Avenue
Pittsburgh, PA 15219
Counsel for the Defendant:
Terron Slatton

3