IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 24-80 |
| TERRON SLATTON | |

**UNITED STATES' SENTENCING MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, Acting United States Attorney for the Western District of Pennsylvania, and V. Joseph Sonson, Assistant United States Attorney for said district, and respectfully submits the United States' Sentencing Memorandum.

A sentencing hearing is presently scheduled for November 18, 2025. In a written plea agreement, dated June 3, 2025, the parties have agreed that—among other things—the appropriate sentence in this case is a term of imprisonment of 144 months followed by ten years of supervised release. This agreed upon term of imprisonment, is a 24-month downward variance from the guidelines range of 168 to 210 months imprisonment calculated by Probation.[1] Despite the variance, when considering the 18 U.S.C. 3553(a) factors in conjunction with the additional information set forth below, the agreed upon disposition is sufficient but not greater than necessary to achieve the goals of sentencing.

On April 2, 2024, a grand jury returned a two-count indictment against the defendant charging him with Coercion and Enticement of a Minor and Production of Material Depicting the Sexual Exploitation of a Minor. On that same date, an arrest warrant was issued for the defendant.

---

[1] (PSIR ¶ 64)

1

A week later, the defendant was arrested, made his initial appearance, waived his right to a Rule 5(c)(3) hearing, and was ordered detained.

Approximately a year into the case, the defendant underwent a competency examination to determine his ability to stand trial. Dr. Bruce A. Wright completed the examination and on May 7, 2025, rendered a report opining the defendant is competent to stand trial. Less than two months later, pursuant to the plea agreement, the defendant entered a plea of guilty to Count One of the Indictment. Given the complexities of this case, the proposed disposition is a relatively speedy resolution to very serious charges. Further, the defendant did not engage in any pre-trial litigation prior to accepting the plea agreement. The speed and efficiency with which the defendant accepted responsibility provides justification for the downward variance.

In his sentencing memorandum, the defendant mentioned his struggles with mental health and learning disorders. These struggles are well-documented within Dr. Wright's report and within mental health records provided to the United States. Dr. Wright's report and the defendant's mental health records document his history of depression, learning disorders, and borderline intellectual functioning.[2] This history and the characteristics of the defendant serve to extenuate and mitigate the charged conduct.

As reflected in the PSIR, the defendant does not have a criminal history and up until his arrest in this case, the 26-year-old defendant had not spent a day in jail. The proposed 144-month sentence is appropriate because it accounts for the seriousness of the charges and the defendant's lack of a prior criminal history.

Lastly, and importantly, the defendant is not charged with a hands-on offense and the

---

[2] The defendant received SSI benefits because of his learning disorder.

victim's grandmother (and legal guardian) agrees with the disposition proposed by the parties.

Based upon the foregoing, the United States respectfully requests that the Court accept the parties' plea agreement and sentence the defendant accordingly.

Respectfully submitted,

TROY RIVETTI
Acting United States Attorney

*/s/ V. Joseph Sonson*
V. JOSEPH SONSON
Assistant United States Attorney
PA ID No. 314864
